UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA　　)　　CRIMINAL NO. CR-N-05-30005-MAP
　　　　　　　　　　　　　　　)
V.　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　)
GLORIA RANKIN　　　　　　　　)

FILED
CLERK'S OFFICE
2006 APR 19 P 3: 48
U.S. DISTRICT COURT
DISTRICT OF MASS.

## MOTION FOR FUNDS FOR AN INDEPENDENT MEDICAL EXAMINATION

　　Now comes the Defendant who, by and through her undersigned attorney, respectfully moves this Honorable Court to order an Independent Medical Examination of her.

　　Further, the defendant requests that the Court order the cost of this independent medical examination be borne by the Court. The Defendant requests that this court authorize the expenditure of up to Fifteen Hundred ($1,500) Dollars for the cost of the independent medical examination.

　　As reasons for this request counsel offers what appears to be conflicting input from medical providers that do not seem to agree what the Defendant's medical status is relative to her current treatment regimen. Counsel also incorporates the attached sworn affidavit into the reasons for this request.

　　For the reasons listed above and to protect the rights guaranteed the Defendant under the Fourteenth Amendment to the United States Constitution and Article 12 of the Massachusetts Declaration of Rights, we respectfully request this Honorable Court grant the request conveyed herein.

　　　　　　　　　　　　　　　　　　　　Gloria Rankin,
　　　　　　　　　　　　　　　　　　　　By Her Attorney,

　　　　　　　　　　　　　　　　　　　　Mickey E. Harris, Esq.
　　　　　　　　　　　　　　　　　　　　1350 Main St.,10th Fl.
　　　　　　　　　　　　　　　　　　　　Springfield, MA 01103
　　　　　　　　　　　　　　　　　　　　(413) 731-5800
　　　　　　　　　　　　　　　　　　　　BBO# 563818

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )   CRIMINAL NO. CR-N-05-30051-MAP
                         )
vs.                      )
                         )
GLORIA RANKIN            )

FILED
IN CLERK'S OFFICE

2006 APR 19 P 3: 48

U.S. DISTRICT COURT
DISTRICT OF MASS.

## AFFIDAVIT IN SUPPORT OF MOTION FOR FUNDS FOR AN INDEPENDENT MEDICAL EXAMINATION

The following statements are true to the best of my knowledge and/or belief.

1. My name is Mickey E. Harris.

2. I was appointed to represent Ms. Rankin in the instant case, on, or about, March 17, 2005.

3. Ms. Rankin has been under a doctor's case since the time of my appointment.

4. Ms. Rankin takes a series of prescription medications under her doctor's direction.

5. Ms. Rankin has complained of several illnesses during the course of my representation.

6. Among other things Ms. Rankin reports having a terminal case of sarcoidosis.

7. Ms. Rankin reports that her biological sister recently succumbed to a terminal case of sarcoidosis.

8. After appearing in Court on April 6th for Ms. Rankin's sentencing counsel has attempted to scheduled Ms. Rankin for an independent medical examination.

9. Dr. Daniel Dress a local internal medicine practioner agreed to see Ms. Rankin in order to conduct this independent medical examination.

10. After completing the pre-examination paper work Dr. Dress informed counsel through his agent: Mrs. Silesia Jamison, that because Ms. Rankin is a Mass Health insured that he can only see Ms. Rankin if he receives a court order to do so.

11. The difficulty with Mass Health exists in that Ms. Rankin already has a primary care physician assigned through Mass Health.

12. Mass Health regulations require a Mass Health insured to only see

    treating physicians through referrals via the assigned primary care physician.

13. Dr. Dress informs counsel that he will examine Ms. Rankin as long as he does so under the auspices of a "court order".

14. Dr. Dress also informs counsel that a sarcoidosis referral to a pulmonary specialist is the normal course of treatment for a patient so inflicted.

15. Dr. Dress has estimated an initial examination cost of $160 in addition to a fee of approximately $250 to develop a report.

16. We anticipate a similar expense for the pulmonary specialist.

17. Both physicians have indicated an ability to meet the requested service delivery date of the first week in May.

    Sworn to under the pains and penalties of perjury this 19th day of April, 2006.

                                                                  Mickey E. Harris, Esq.